UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

RICHARD CANJURA,

                Plaintiff,

    -against-

THE TOWN OF CLARKSTOWN, et al.,

                Defendants.

-----------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10/24/12

MEMORANDUM DECISION AND ORDER

12 Civ. 1524 (GAY)

    Plaintiff Richard Canjura has requested a stay of this Section 1983 civil rights action against the Town of Clarkstown and named individual police officers pending the resolution of his criminal appeal filed in state court. Plaintiff asserts that the state criminal court matter is based on the same underlying facts as the civil action herein. Moreover, he points out a stay may result in issues being narrowed and avoid duplication of work; and that it is well settled that the courts have discretion to stay the civil action in such circumstances. See, e.g. Kashi v. Grastos, 790 F.2d 1050, 1057 (2d Cir. 1986); Mack v. Varlegas, 835 F.2d 995, 999-1000 (2d Cir. 1987); Johnson v. N.Y. City Police Dep't, No. 01 Civ. 6570, 2003 WL 21664882 at *2 (S.D.N.Y. July 16, 2003). The defendants oppose any stay and seek leave from the Court to file a summary judgment motion at this time.

    Although the Court does have broad discretion in such matters, a stay would not be appropriate given the circumstances herein. Here, Canjura is not awaiting trial in his state criminal case, but has already been convicted after trial and sentenced. See In Re

<u>Terrorist Attacks on September 11, 2001</u>, 03 MDL 1570, at *9-12 (S.D.N.Y. Nov. 21, 2011))(Mass, M.J.)(document 2491); <u>objections overruled</u>, <u>In Re Terrorist Attacks</u>, 03 MDL 1570, 2012 WL 104512 at *2-3 (Jan. 11, 2012)(Daniels, D.J.).  In denying a stay in said case, Magistrate Judge Mass stated:

> The rationale behind granting a stay in these post-indictment, pre-conviction cases is that the plaintiff in the civil action is protected against undue delay because resolution of the criminal matter is imminent.  Here, however, (defendant) has already been tried, convicted and sentenced, and his post-trial motions have been denied.  Morever, although (defendant) has indicated that he plans to file an appeal, it is far from certain that the Ninth Circuit will reverse his conviction; if so, that the government will decide to retry him; and should that occur, when the retrial will take place.
>
> Tellingly (defendant) has not cited any cases - nor have I found any - in which a stay of civil discovery was granted after the related criminal trial had concluded, based on the mere possibility that a successful appeal might lead to a new trial.  At least one district judge has held, to the contrary, that "the status of a defendant's criminal case weighs strongly <u>against</u> granting a stay [when the d]efendant has already been tried, convicted, and sentenced." <u>Sparkman v. Thompson</u>, No. 08-01-KKC, 2009 WL 1941907, at *2 (E.D. Ky. July 6, 2009)(emphasis added).

This Court finds the reasoning of Judge Mass to be persuasive.  Moreover,  the plaintiff does not claim any Fifth Amendment concerns as he has already testified under oath in a "50-h" hearing pursuant to state law about this matter.   Plaintiff has not advanced any reason for a stay other than a successful appeal might lead to a new criminal trial that would narrow issues in this civil action.  <u>Trustees of the Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc.</u>, 886 F.Supp. 1134,1138 (S.D.N.Y. 1995)(courts have discretion to grant stay where Fifth Amendment privilege against self-incrimination could be impaired, criminal discovery would be improperly extended by the civil case, the defense's theory of the case would be exposed to the prosecution in advance of trial, or otherwise the criminal case would be prejudiced).  Accordingly, plaintiff's application for a stay of this civil

action pending the appeal of his state court conviction is denied.

The request of the defendants for permission to file a motion for summary judgment at this time is also denied. Any dispositive motion must await the completion of discovery herein.

SO ORDERED:

Dated: October 22, 2012
White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.