UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

RICHARD CANJURA,

                  Plaintiff,

          -against-

POLICE OFFICERS RAYMOND LASCHET,
LEE DAVIES, ORLANDO CRUZ, JOHN
HANCHAR, and DAN WOOLLEY,

                  Defendants.
-------------------------------------------------------------X

**OPINION AND ORDER**

12 Civ. 1524 (JCM)

Plaintiff Richard Canjura ("Plaintiff") commenced this action under 42 U.S.C. § 1983 ("§ 1983") and New York state law against police officers Raymond Laschet, Lee Davies, Orlando Cruz, John Hanchar, and Dan Woolley (collectively, "Defendants"), asserting, *inter alia*, claims for false arrest and excessive force. (Docket No. 1).[1]  This Court held an eight-day jury trial from September 14, 2015 through September 23, 2015 and the jury found in Defendants' favor on all counts. (Docket No. 185).  Currently before the Court is Plaintiff's motion for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure or, in the alternative, for a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. (Docket No. 189).  Defendants oppose Plaintiff's motion. (Docket Nos. 191, 192).

For the following reasons, Plaintiff's motion is denied in its entirety.

---

[1] Former defendants the Town of Clarkstown, the Clarkstown Police Department, Police Officer Matthew Bender, Police Officer K. Lynn, and Sergeant James McCormick were dismissed pursuant to an order dated February 11, 2015 granting partial summary judgment to Defendants. (Docket No. 110).  The claims remaining after summary judgment were Plaintiff's § 1983 claims for excessive force and false arrest and Plaintiff's New York state law claims for false arrest, assault and battery. (*Id.*).

1

## I.  BACKGROUND

This action arises from an incident in the early morning hours of January 1, 2011,[2] when Clarkstown police officers arrested Plaintiff at a nightclub in New City, New York and charged him with resisting arrest, disorderly conduct, and harassment in the second degree. (Grill Aff.[3] ¶ 14).  The police officers were dispatched to respond to fighting at the nightclub, and Officer Davies testified that he observed a large group outside acting in a disorderly manner—"yelling, screaming, pushing each other, kicking at each other, cursing." (Ex.[4] A at 5-6).  The police officers entered the nightclub and observed more intoxicated patrons arguing and fighting. (*Id.* at 7).  The officers attempted to clear out the nightclub. (Ex. B-1 at 14).  Plaintiff was among the patrons inside and he initially followed the officers' directive to leave. (Ex. C at 10).

However, Plaintiff re-entered the bar and started plating food from the buffet table. (Ex. C at 9-11).  Officer Hanchar testified that he asked Plaintiff to exit the bar "on at least a half a dozen occasions." (Ex. D at 12).  Other officers similarly testified that Plaintiff ignored repeated orders to leave. (Ex. E at 6, 10-13; Ex. H at 6-10).  At one point, Officer Hanchar slapped a plate out of Plaintiff's hands to get him to leave, and several officers directed Plaintiff to exit the nightclub. (Ex. D at 10, Ex. E at 26-27).  Officer Laschet testified that Plaintiff then made an expletive threat to him and made a "sudden move toward Officer Woolley." (Ex. H at 10-12, 17-22, 47).  According to Officer Bender, Plaintiff "moved suddenly" towards Officer Woolley and "made a hand motion towards Officer Woolley's back." (Ex. E at 9, 32).  Officer Laschet responded to this sudden movement and approached Plaintiff from behind to take him into

---

[2] The Grill Aff. states that the incident occurred on January 1, 2012.  However, as other documents indicate, the incident actually occurred on January 1, 2011. (*See, e.g.*, Docket No. 82, Ex. F; Docket No. 92 ¶ 10).

[3] Refers to the Affirmation in Support of John P. Grill. (Docket No. 190).

[4] Refers to exhibits attached to the Affirmation in Support of John P. Grill. (Docket No. 190).

custody. (Ex. H at 15-22). Plaintiff struggled as officers tried to handcuff him. (*Id.* at 45). After some resistance, Officer Cruz deployed a Taser into Plaintiff's back. (Ex. B-1 at 32, Ex. H at 43). Plaintiff continued to struggle, and Officer Laschet deployed his Taser into Plaintiff's abdomen. (Ex. B-1 at 32, 37; Ex. C at 32-34; Ex. H at 44). Officer Hanchar testified that Plaintiff head-butted him and that he was tased during the struggle. (Ex. D at 15-17). Officer Cruz testified that he used the Tasers multiple times because they were ineffective and Plaintiff continued to resist. (Ex. B-1 at 24-29). Plaintiff was subdued after Officer Davies deployed his OC (pepper) spray. (Ex. A at 18).

Plaintiff was arrested and charged with resisting arrest (New York Penal Law ("N.Y. Penal Law") § 205.30), two counts of disorderly conduct (N.Y. Penal Law §§ 240.20(1), (6)), and harassment in the second degree (N.Y. Penal Law § 240.26(1)). (Docket No. 82, Ex. F). A jury convicted Plaintiff of all four charges. (Docket No. 82, Ex. H). However, on November 26, 2014, Plaintiff's conviction was reversed by the Appellate Term of the Supreme Court of the State of New York. (Docket No. 106, Ex. 1). Plaintiff commenced this action on March 1, 2012 against Defendants, asserting, *inter alia*, claims of false arrest and excessive force. (Docket No. 1). Following a jury trial, the jury found in favor of all Defendants on all counts. (Docket No. 185).

Currently before the Court is Plaintiff's motion for judgment as a matter of law under Rule 50(b) or, in the alternative, for a new trial under Rule 59(a). Plaintiff argues that he is entitled to judgment as a matter of law on the false arrest claim because the evidence adduced at trial showed that Defendants lacked probable cause to arrest Plaintiff for resisting arrest, disorderly conduct, or harassment in the second degree. (Grill Aff. ¶¶ 12-27). Additionally, Plaintiff contends that he is entitled to judgment as a matter of law on the excessive force claim

because Defendants' use of Tasers was objectively unreasonable. (*Id.* ¶¶ 28-32). Finally, Plaintiff asserts that he is entitled to a new trial on the ground that the jury's verdict was against the weight of the evidence, stating that Defendants admitted at trial that they did not advise him that he was under arrest, took him down from behind, and subjected him to repeated applications of the Tasers for a total of 30-41 seconds. (*Id.* ¶¶ 33-37).

Defendants oppose Plaintiff's motion on three grounds. First, Defendants argue that Plaintiff's Rule 50(b) motion is procedurally barred because Plaintiff failed to make a proper Rule 50(a) motion at trial. (Opp.[5] at 12-14). Second, Defendants contend that Plaintiff's Rule 50(b) claims fail on the merits. (*Id.* at 16-32). Third, Defendants assert that Plaintiff is not entitled to a new trial pursuant to Rule 59(a) because "the verdict of the jury was in accordance with law and fully supported by the evidence." (*Id.* at 32).

## II.  DISCUSSION

### A.  Motion for Judgment as a Matter of Law

### i.  Legal Standard

Rule 50(a) provides that a court may grant a motion for judgment as a matter of law—*i.e.*, a directed verdict—if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). A party may move for judgment as a matter of law under Rule 50(a) "at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). The moving party "must specify the judgment sought and the law and facts that entitle the movant to the judgment." *Id.* Although Rule 50(a) does not articulate how specific a motion must be, "the purpose of requiring the moving party to articulate the ground on which [judgment

---

[5] Refers to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Judgment Pursuant to Rule 50(b) and for a New Trial. (Docket No. 192).

as a matter of law] is sought 'is to give the other party an opportunity to cure the defects in proof that might otherwise preclude him from taking the case to the jury.'" *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 286 (2d Cir. 1998) (citation omitted). "[E]ven a cursory motion suffices to preserve an issue . . . so long as it serves the purposes of Rule 50(a)." *Western Union Co. v. MoneyGram Payment Systems, Inc.*, 626 F.3d 1361, 1367 (Fed. Cir. 2010) (citation and quotation marks omitted).

A Rule 50(a) motion may properly be made immediately after opening statements. *See, e.g., Houk Mfg. Co. v. Cowen Co.*, 267 F. 787, 791 (2d Cir. 1920) (affirming district court's judgment directing a verdict for the plaintiff after the defendant's opening statement and noting that "[t]he direction of a verdict may be justified by the opening address of counsel"); *see also* 9 CYCLOPEDIA OF FEDERAL PROCEDURE § 31:96 (3d ed.) ("Plaintiff's opening statement could justify granting judgment as a matter of law for the defendant, and, on the other hand, defendant's opening statement can warrant the court in granting judgment as a matter of law for the plaintiff.") (footnote omitted).  However, a court should deny a Rule 50(a) motion "if the opening statement leaves doubt as to the facts or permits conflicting inferences." *Best v. District of Columbia*, 291 U.S. 411, 415 (1934); *see also Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 343 (2d Cir. 1994) ("a claim may be dismissed on the basis of an opening statement only if the statement clearly demonstrates that the plaintiff has no cause of action.").

Under Rule 50(b), a party may also "file a renewed motion for judgment as a matter of law" after trial. Fed. R. Civ. P. 50(b).  In general, the grounds on which a party may rely in a Rule 50(b) motion are "limited to those grounds that were specifically raised in the prior [Rule 50(a) motion]." *Galdieri-Ambrosini*, 136 F.3d at 286 (citations and quotation marks omitted);

*accord Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1155 (2d Cir. 1994) ("judgment as a matter of law is limited to those issues 'specifically raised in [a] prior motion for a directed verdict.'") (citation omitted) (alteration in original).  A court may only grant a Rule 50(b) motion if there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded [persons] could not arrive at a verdict against [it].'" *Wiercinski v. Mangia 57, Inc.*, 787 F.3d 106, 112 (2d Cir. 2015) (citations omitted) (alterations in original).  As the Second Circuit has instructed,

> The motion should be granted only if the court can conclude that, with credibility assessments made against the moving party and all inferences drawn against the moving party, a reasonable juror would have been compelled to accept the view of the moving party.  The court cannot assess the weight of conflicting evidence, pass on the credibility of witnesses, or substitute its judgment for that of the jury.

*Id.* at 112-113 (citation omitted).

The Second Circuit also recognizes limited circumstances in which a district court may grant a Rule 50(b) motion on an issue that was not previously raised in a Rule 50(a) motion when it is necessary to prevent "manifest injustice" or to correct a "purely legal error." *Malmsteen v. Berdon, LLP*, 369 F. App'x 248, 249 (2d Cir. 2010) (summary order) (quoting *Fabri v. United Techs. Int'l, Inc.*, 387 F.3d 109, 119 (2d Cir. 2004)); *see also, e.g., Cruz*, 34 F.3d at 1155 ("if an issue is not raised in a previous motion for a directed verdict, a Rule 50(b) motion should not be granted unless it is required to prevent manifest injustice.") (citation and quotation marks omitted).  "Manifest injustice exists where a jury's verdict is wholly without legal support." *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014) (citations omitted).

### ii. False Arrest

Here, Plaintiff moved for judgment as a matter of law under Rule 50(a) on his false arrest claim after Defendants' opening statement. (Docket No. 193 at 24).  Plaintiff stated as follows:

> The motion was for a directed verdict on the issue of the false arrest, your Honor, I don't believe defense counsel put enough evidence in his opening statement to support that there was any justification for the charges of disorderly conduct, harassment or resisting arrest. I don't think he put enough evidence in his opening statement, so I'm asking for a directed verdict on that.

(*Id.*).  Defendants contend that this motion "did not qualify as a Rule 50(a) motion" because it was made before any evidence was presented and therefore before Defendants were "fully heard" on any issue. (Opp. at 13).  However, as noted *supra*, a party may properly move for judgment as a matter of law "at any time before the case is submitted to the jury," including immediately after opening statements. Fed. R. Civ. P. 50(a)(2); *see, e.g., Best*, 291 U.S. at 415; *Riverwoods*, 30 F.3d at 343.  Although Plaintiff's motion was somewhat cursory, I find that it "was adequately specific" to alert Defendants to their purported "defects in proof" on the issue of false arrest. *Galdieri-Ambrosini*, 136 F.3d at 286-87.  Accordingly, I find that Plaintiff properly moved for judgment as a matter of law under Rule 50(a) on the false arrest claim.

I now turn to the merits of Plaintiff's Rule 50(b) motion on the false arrest claim.  As the Second Circuit has instructed, "a claim for false arrest turns only on whether probable cause existed to arrest a defendant . . . it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006); *see also Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (citations and quotation marks omitted).  "Probable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable

7

caution in the belief that an offense has been or is being committed by the person to be arrested."
*Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007) (citations omitted).  In determining the
existence of probable cause, "courts must consider those facts available to the officer at the time
of the arrest and immediately before it." *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir.
2002) (citations and quotation marks omitted).

In his Rule 50(b) motion, Plaintiff asserts that Defendants lacked probable cause to arrest
Plaintiff for any of the offenses with which he was charged—resisting arrest, disorderly conduct,
or harassment in the second degree. (Grill Aff. ¶¶ 13-27).  The Court disagrees.  Because
Plaintiff's claim fails if Defendants had probable cause to arrest Plaintiff on even one charge,
*Jaegly*, 439 F.3d at 154, the Court focuses on one of the charges of disorderly conduct.  Under
N.Y. Penal Law § 240.20(6), "[a] person is guilty of disorderly conduct when, with intent to
cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . 6. He
congregates with other persons in a public place and refuses to comply with a lawful order of the
police to disperse." *Id.* § 240.20(6).

With all inferences drawn in favor of the non-movant Defendants, the evidence adduced
at trial reveals that Defendants at least had probable cause to believe that Plaintiff was recklessly
creating a risk of "public inconvenience, annoyance or alarm" by congregating with others in a
public place and failing to comply with police officers' orders to disperse.  When officers arrived
at the nightclub, they encountered "a bar full of intoxicated individuals that [were] agitated from
a fight that [had] already broke[n] out on New Year's Eve." (Ex. H at 8).  The officers tried to
clear out the bar. (Ex. B-1 at 14).  Officers testified that they told Plaintiff to leave the premises
and to not come back in, and that Plaintiff did leave but subsequently re-entered. (Ex. C at 9-11).
Several officers testified that Plaintiff repeatedly ignored orders to leave. (Ex. D at 12; Ex. E at

8

6, 10-13; Ex. H at 6-10).   Additionally, the testimony, when viewed in the light most favorable to

Defendants, is that as Plaintiff was leaving for a second time he made a verbal threat to

physically harm an officer. (Ex. H at 10-12).  This testimony was sufficient for the jury to find

that Defendants had probable cause to arrest Plaintiff. *See, e.g.*, *United States v. Nelson*, 500 F.

App'x 90, 92 (2d Cir. 2012) (summary order) (holding that police officers had probable cause to

arrest plaintiff for disorderly conduct where plaintiff failed to comply with their lawful order to

disperse); *Taylor v. Ridley*, 904 F. Supp. 2d 222, 231 (E.D.N.Y. 2012) (finding that police had

probable cause to arrest plaintiff for disorderly conduct where "plaintiff (1) admittedly rejected

[police] directives to disperse from the parking lots in which a large crowd, with a least one loud,

intoxicated and unruly individual, had congregated and (2) instead walked and/or ran further into

a crowded lot for reasons then-unknown to the arresting officers"); *cf. Williams v. City of White

Plains*, 718 F. Supp. 2d 374, 378-79 (S.D.N.Y. 2010) (finding that officers were entitled to

qualified immunity on false arrest claims where, in the "face of escalating tensions among

potentially intoxicated individuals, it was reasonable for police officers to believe that [the

plaintiff] was engaged in the altercation and disturbing the peace.").

Accordingly, the Court denies Plaintiff's Rule 50(b) motion for judgment as a matter of

law on the false arrest claim.

### iii.  Excessive Force

Unlike with the false arrest claim, Plaintiff failed to make a Rule 50(a) motion at trial as

to the excessive force claim.  At the close of evidence, *Defendants* moved for judgment as a

matter of law under Rule 50(a), (MacCartney Aff.,[6] Ex. A at 253), and Plaintiff claims that his

"arguments in opposition to [Defendants'] 50(a) motion fairly apprised the court and counsel of

---

[6] Refers to Harold Y. MacCartney's Declaration in Opposition to Plaintiff's Motion for Judgment Pursuant to Rule 50(b) and for a New Trial. (Docket No. 191).

the facts which showed that [Defendants'] use of force was excessive as a matter of law," (Grill Aff. ¶ 28).  However, it is clear that Plaintiff never made his own Rule 50(a) motion on the excessive force claim.  In fact, after Defendants moved under Rule 50(a), Plaintiff stated that "at the time of the renewal of that motion, if there is renewal of that motion, the Plaintiff will be cross-moving for the same motion for judgment as a matter of law *on the false arrest*" claim, and he did not mention the excessive force claim at all. (MacCartney Aff., Ex. A at 277) (emphasis added).  The Court will not treat Plaintiff's opposition to Defendants' Rule 50(a) motion as Plaintiff's own implied Rule 50(a) motion. *See, e.g., Ho Myung Moolsan, Co. v. Manitou Mineral Water, Inc.*, No. 07 Civ. 07483(RJH), 2011 WL 2226901, at *3 (S.D.N.Y. June 7, 2011) (declining to address plaintiff's Rule 50(b) motion where defendant moved under Rule 50(a) but plaintiff "never made any such motion"), *aff'd*, 501 F. App'x 85 (2d Cir. 2012) (summary order).

Therefore, the Court may only grant relief to Plaintiff on the excessive force claim if it finds that this result is necessary to prevent "manifest injustice" or to correct a "purely legal error." *Malmsteen*, 369 F. App'x at 249 (citation omitted).  Plaintiff does not argue that there is any legal error here, and he has failed to meet the high burden of establishing manifest injustice.

Accordingly, the Court denies Plaintiff's Rule 50(b) motion for judgment as a matter of law on the excessive force claim.

## B.  Motion for a New Trial

Rule 59(a) provides, in relevant part, that "[t]he court may, on motion, grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A).  A district court may grant a new trial "even if there is substantial evidence to support the jury's verdict." *Song v. Ives Laboratories, Inc.*, 957 F.2d 1041, 1047 (2d Cir. 1992).  However, a district court should not

grant a new trial "unless it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 370 (2d Cir. 1988) (citations omitted).  The standard for granting a Rule 59(a) motion for a new trial is less stringent than the standard for granting a motion for judgment as a matter of law under Rule 50(b) because "a trial judge considering a motion for a new trial 'is free to weigh the evidence himself and need not view it in the light most favorable to the verdict winner.'" *U.S. v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998) (citation omitted).

However, a district judge should give deference to a jury's credibility assessment, *Landau*, 155 F.3d at 104-05, and "should rarely disturb a jury's evaluation of a witness's credibility," *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998) (citations omitted); *see also Metromedia Co. v. Fugazy*, 983 F.2d 350, 363 (2d Cir. 1992) ("Where the resolution of the issues depended on assessment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial.") (citations omitted), *abrogated on other grounds as noted in Yung v. Lee*, 432 F.3d 142, 147 (2d Cir. 2005).

Here, the jury had the opportunity to weigh the evidence and credibility of the witnesses. The jury trial lasted for over a week, eighteen witnesses testified, and each party was given the opportunity to be heard and to fully present its case.  Therefore, this Court gives deference to the jury's assessments.  In addition, after independently weighing the evidence, the Court is not convinced that the jury "reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Smith*, 861 F.2d at 370.

Accordingly, the Court denies Plaintiff's Rule 59(a) motion for a new trial.

## III.  CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion for judgment as a matter of law or, in the alternative, for a new trial.  The Clerk is respectfully requested to terminate the pending motion (Docket No. 189).

Dated:  May 10, 2016
          White Plains, New York

SO ORDERED:

JUDITH C. McCARTHY
United States Magistrate Judge